# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUELINE BROWN | CIVIL ACTION |
| VERSUS | NO. 07-2665 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court are the motion to enforce settlement filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm")(Doc. 9) and the motion to vacate scheduling order filed on behalf of plaintiff Jacqueline Brown (Doc. 8). Having heard the oral arguments of the parties in connection with the motion to enforce settlement and having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion to enforce settlement and **GRANTS** the motion to vacate the scheduling order.

## BACKGROUND

On August 29, 2009, Jacqueline Brown owned a house located at 5960 Eastover Drive, New Orleans, Louisiana which sustained damage as a result of Hurricane Katrina and the flooding associated with that hurricane. On that date State Farm Fire and Casualty Company had in effect a homeowner's policy insuring the building and contents owned by Ms. Brown.

Jacqueline Brown's claim against State Farm was originally filed in this Court as part of *Kiefer v. Allstate Insurance Co.,* No. 06-5370, a class action complaint against a number of insurance companies, including State Farm, filed pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"). On November 13, 2006, the *Kiefer* plaintiffs amended their complaint to delete all class allegations. Thereafter, with respect to those plaintiffs with claims against State Farm, the Court

ordered that the "plaintiffs' claims in these cases will be severed into individual suits: and that "plaintiffs' counsel shall . . . file an amended complaint for each individual property claim." Doc. 1-3. Jacqueline Brown filed her supplemental and amending complaint on April 25, 2007. The supplemental and amending complaint does not explicitly state a basis for federal jurisdiction; however, plaintiff alleges in that complaint that State Farm was "a foreign insurer authorized to do and doing business in the State of Louisiana." Doc. 1.

Ultimately plaintiff's counsel Wanda Edwards and counsel for State Farm reached an oral agreement to settle Ms. Brown's claims for $56,000.00. Thereafter Ms. Edwards contacted counsel for State Farm concerning the allocation of the settlement proceeds and counsel agreed to allocate $48,000.00 to Coverage B (contents coverage) and $8,000.00 to Coverage A (building coverage). After reaching that agreement, counsel for State Farm faxed Ms. Edwards a letter confirming the allocation of the proceeds. Shortly after Ms. Edwards received that letter, she notified counsel for State Farm that she had been discharged as counsel for Jacqueline Brown.

On July 16, 2009, the Court granted plaintiff's motion substituting Richard P. Voorhies, III as counsel of record for plaintiffs.

LAW and ANALYSIS

The first step in examining whether the settlement agreement is enforceable is determining what law applies in analyzing that issue. It is undisputed that if there is diversity jurisdiction over plaintiff's claim then the Court is *Erie*[1] bound to apply Louisiana law in determining the enforceability of the settlement agreement.

As originally filed, this Court had diversity jurisdiction over this matter pursuant to CAFA. The

---

[1] *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 83 L.Ed.2d 1188 (1938).

original complaint alleges that the plaintiff policyholders "were Louisiana residents." Doc. 1-2. As noted previously, in the supplemental and amending complaint plaintiff alleges that State Farm is a foreign insurer. Given those allegations, the Court finds that it continues to have diversity jurisdiction over this suit. The Court notes that State Farm does not contend that the requisite elements of diversity jurisdiction are lacking. In fact, in its original memorandum in support of its motion to enforce settlement, State Farm concedes that there is diversity jurisdiction in this case. Doc. 9, p. 2. Moreover, review of the supplemental and amending complaint does not reveal any basis for the exercise of federal question jurisdiction. For all these reasons, the Court concludes that there is diversity jurisdiction over this case, and therefore, Louisiana law applies in analyzing the enforceability of the settlement.

>Louisiana Civil Code article 3071 provides in pertinent part:
>
>>A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in a manner which they agree on, and which every one of them prefers in the hope of gaining, balanced by the danger of losing.
>>
>>This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. . ..

"[T]he requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties." *Felder v. Georgia Pacific Corporation*, 405 So.2d 521, 523 (La. 1981). There is no evidence establishing that plaintiff or her counsel signed the faxed letter from State Farm allocating the $56,000.00 in settlement proceeds or any other document confirming acceptance of the settlement. Because the settlement agreement was not established by documentation signed by both parties, the settlement is unenforceable under Louisiana law. Therefore, the Court denies the motion to enforce the settlement agreement.

Considering the denial of the motion to enforce the settlement and the recent substitution of Richard

P. Voorhies, III, as counsel for plaintiffs, the Court grants plaintiff's motion to vacate the Scheduling Order issued by the Court on February 9, 2009, including the pretrial conference currently scheduled for September 17, 2009 and the October 5, 2009 trial date. The Court will issue a new Scheduling Order following a telephone status conference to select a new date for the pretrial conference and the trial. The Court will contact counsel to select a date for the telephone status conference. Accordingly,

**IT IS ORDERED** that the "Motion to Enforce Settlement" filed on behalf of defendant State Farm Fire and Casualty Company (Doc. 9) is **DENIED**;

**IT IS FURTHER ORDERED** that the "Motion to Vacate Scheduling Order" filed on behalf of plaintiffs Jacqueline and James Brown is **GRANTED**.

New Orleans, Louisiana, this 1st day of September, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE