# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUELINE BROWN | CIVIL ACTION |
| VERSUS | NO. 07-2665 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court is the "Motion for Partial Summary Judgment as to the Application of the Pre-Amendment Version of LSA-RS 22:658" filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm")(Doc. 58). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion in part and denies it in part.

### BACKGROUND

Jacqueline Brown owns a home located on Eastover Drive in New Orleans, Louisiana. The house sustained significant damage as a result of Hurricane Katrina. At the time of Hurricane Katrina, State Farm entities provided the flood insurance and the homeowners insurance on the Brown home.

On August 31, 2005, Mrs. Brown notified State Farm that her property sustained damage as a result of the hurricane. On September 4, 2005, State Farm issued a $2,500.00 advance under the flood insurance policy. During a telephone call on October 7, 2005, State Farm Adjuster Kenneth Hughes advised Mrs. Brown that he had determined that the policy limits under the flood policy should be paid. At that time Mrs. Brown reported to Mr. Hughes that in addition to flood damage, the property had sustained wind damage. By mid-October, 2005, State Farm paid the

Browns the dwelling and contents limits under the flood policy.

On October 17, 2005 State Farm adjuster Ronald Horst contacted Mrs. Brown to set up an inspection of her property to assess wind damage; the inspection occurred seven days later on October 24, 2005. The State Farm "Activity Log" indicates that the roof needed to be replaced and that there was "[d]amage to some gutters, broken windows, Interior damage ceilings damaged." Doc. 66-3. On November 17, 2005 State Farm issued a check for $57,830.52 for wind damage under Coverage A of the homeowner's policy. After issuing that check, State Farm closed the claim under the homeowner's policy.

On December 12, 2005 Jacqueline Brown wrote to Ronald Horst requesting additional payments under the homeowner's policy. State Farm reopened the claim, and on December 28, 2005 Ronald Horst reinspected the property. Less than a week later State Farm issued an additional payment of $67,150.23, representing 100% of the additional amount requested by Jacqueline Brown. The additional payment included amounts under Coverage A (dwelling), Coverage B (contents), and Coverage C (additional living expenses ("ALE")).

It is undisputed that there was no further contact between Jacqueline Brown and State Farm until Mrs. Brown filed suit against State Farm Fire and Casualty Insurance Company on August 29, 2006 seeking additional damages under the homeowner's policy as well as statutory penalties, interest and attorney's fees pursuant to La. Rev. Stat. 22:658[1] for State Farm's arbitrary and capricious failure to timely pay the amounts due to plaintiff under her homeowner's policy and for

---

[1] Pursuant to Act 2008, No. 415, §1, effective January 1, 2009, La. Rev. Stat. 22:658 was renumbered La. Rev. Stat. 22:1892. For ease of reference, the provision will be referred to as La. Rev. Stat. 22:658.

damages and statutory penalties pursuant to La. Rev. Stat. 22:1220[2] for State Farm's breach of the duty of good faith and fair dealing.   Thereafter plaintiff provided State Farm with additional proofs of loss for contents damage (August 12, 2008), ALE expenses (September 25, 2009), and structure damages (September 28, 2009 and December 9, 2009).

 State Farm filed this motion for partial summary judgment seeking an order that if it is found to be liable for statutory penalties under §658 that the 2006 amendment to §658 would not apply to plaintiff's claim.

SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *cert. denied*, 506 U.S. 832 (1992), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Mere allegations or denials  are not sufficient to defeat a well-supported motion for summary judgment.  Fed.R.Civ.P. 56(e).  The nonmoving party must come forward with "specific facts

---

[2] Pursuant to Act 2008, No. 415, §1, effective January 1, 2009, La. Rev. Stat. 22:1220 was renumbered  La. Rev. Stat. 22:1973.  For ease of reference, the provision will be referred to as La. Rev. Stat. 22:1220.

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

LAW AND ANALYSIS

In June 2006, the Louisiana Legislature amended §658 to increase the penalty recoverable under the statute from twenty-five percent (25%) to fifty percent (50%) of the amount owed to the claimant. The Legislature further amended the statute to permit a successful claimant to be awarded reasonable attorney's fees and costs. *See 2006 La. Acts No. 813 §1*. The Legislature established August 15, 2006 as the effective date of those amendments.

The amendments do not apply retroactively. *Sher v. Lafayette Insurance Company*, 988 So.2d 186, 201 (La. 2008). "The critical question [in determining the applicability of the 2006 amendment] is at what point on the timeline does an insurer's refusal to pay trigger the penalty provisions of §22:658." *Dickerson v. Lexington Insurance Company*, 556 F.3d 290, 306 (5th Cir. 2009). The *Dickerson* Court noted that "[i]n *Sher*, the Louisiana Supreme Court clarified that, as a general rule, the relevant event for triggering [the amended verison of §658] is the submission of satisfactory proof of loss." *Id*. citing *Sher v. Lafayette Insurance Company*, 988 So.2d at 199.

A plaintiff's cause of action for penalties under §658 can arise in one of three ways:

> (1) when the complaint is filed if satisfactory proof of loss was not
> provided prior to the filing of the complaint; (2) when the plaintiff

4

> provides satisfactory proof of loss and the defendant fails to pay; or (3) when the plaintiff has provided satisfactory proof of loss and has been paid for some damage, new damage is discovered, satisfactory proof of loss is provided to the defendant after such discovery, and the defendant fails to pay.

*Webster v. State Farm, Fire & Casualty Insurance Co.*, 2008 WL 2054417 at *3 (E.D. La. May 13, 2008) (Africk, J.). See *Sher v. Lafayette Insurance Company*, 988 So.2d at 199.

Prior to the August 15, 2006, effective date of the amendment to §658, plaintiff submitted proofs of loss for structure damage, contents damage, and additional living expenses to State Farm, and State Farm paid an amount under each of those coverages. Thus, plaintiff's cause of action for statutory penalties under §658 arose prior to the effective date of the 2006 amendment unless, having provided satisfactory proof of loss and having been paid for some damage, "new damage is discovered, satisfactory proof of loss is provided to the defendant after such discovery, and the defendant fails to pay." *Id.* Plaintiff does not urge in her memorandum in opposition to State Farm's motion that she discovered "new damage," only that she submitted new proofs of loss to State Farm for additional sums for ALE, structure damage, and contents damage after August 15, 2006.

In opposing State Farm's motion, plaintiff submitted documentation supporting the additional amounts she claims for contents damage and ALE. However, none of that documentation raises a genuine issue of material fact that the amounts sought for additional living expenses or contents damage are for newly discovered damage. Plaintiff's "Statement of Material/Contested Facts" lists as a contested fact "[w]hether plaintiff can identify new damage that was discovered for the first time after August 15, 2006";[3] however she does not offer any competent Rule 56 evidence

---

[3] Doc. 65-2.

establishing that new damage was in fact discovered which gave her a new cause of action for contents damage or ALE. Therefore, plaintiff has failed to raise a genuine issue of material fact with respect to the applicability of the 2006 amendment to §658 with respect to plaintiff's remaining claims for contents damage and additional living expenses. The Court grants State Farm's motion as to those claims and holds that any penalty which plaintiff might be entitled to under §658 for arbitrary and capricious failure to pay claims for contents damage and ALE is limited to twenty-five percent (25%) of the loss, and that attorney's fees may not be recovered with respect to those penalty claims.

The analysis of whether the 2006 amendment to §658 applies to plaintiff's remaining claim for structure damage is more complicated and presents a close question. None of the documentation plaintiff submitted in connection with her new proofs of loss for structure damage raises a genuine issue of material fact concerning whether the damage for which plaintiff seeks recover constitutes new damage. However, plaintiff also submitted an expert report by John Crawford of Crawford Engineering, L.L.C. Mr. Crawford inspected the property in October 2009, long after the effective date of the 2006 amendment to §658. In his report John Crawford opined:

> Based on our observations and analyses, it is our conclusion that high winds from the passing of Hurricane Katrina deformed the subject windows resulting in wind-created openings between the EIFS and window frames subsequently allowing rainwater to penetrate the wall cavities causing damages to the surrounding gypsum board finishes, interior insulation and carpet. These water penetrations also resulted in water stains observed in the floor sheathing below the second story windows. Our office further concludes that the windows should be completely removed and replaced.

Doc. 65-21, p. 8. Mr. Crawford does not state that he is evaluating newly discovered damage. However, that report coupled with the fact that the Court has not located anything in the documents

submitted by State Farm in support of its motion indicating that it was aware of the damage discussed in Mr. Crawford's report prior to receiving that report is sufficient to create a genuine issue on material fact concerning whether the structural damages included in the proofs of loss filed by plaintiff on September 28, 2009 and December 10, 2009 relate to new damage discovered after August 15, 2006. See *Frankland v. State Farm Fire and Casualty Company*, 2009 WL 2515139 *2 (W.D. La. August 14, 2009)(Minaldi, J.). Accordingly, the Court denies State Farm's motion for partial summary judgment with respect to the plaintiff's claim for penalties for structural damage.

New Orleans, Louisiana, this 9th day of March, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE